OPINION
{¶ 1} Defendant-appellant John Luckeydoo appeals his conviction and subsequent sentence in the Licking County Court of Common Pleas on one count of felony telephone harassment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 10, 2004, Officer Ray Lewis responded to the residence of Lisa Mitchell regarding threatening telephone calls she received. Upon Officer Lewis' arrival, Mitchell handed him her phone, at which time Officer Lewis spoke with appellant. Officer Lewis identified himself as a police officer. Appellant indicated he left some items at Mitchell's house, and he wanted to retrieve them. Officer Lewis informed appellant he would need a police escort.
 {¶ 3} Subsequently, Officer Lewis received notice appellant was at the police station and desired to speak with him. He met appellant at the station, and then escorted him to Mitchell's residence to retrieve his belongings. Officer Lewis then informed appellant he was not to call Mitchell. However, two to three minutes after Officer Lewis' departure, Mitchell informed him appellant had called again.
 {¶ 4} Officer Lewis located the vehicle appellant was traveling in, and conducted a stop. He inquired of the two other passengers as to whether they heard appellant making phone calls. They both indicated they had not. Officer Lewis informed them, if they were lying, they would be charged with obstructing justice. They continued to deny hearing appellant make a call. Officer Lewis then inquired of appellant whether he had made any calls, to which appellant replied he had not. Officer Lewis asked appellant to see his phone. Appellant and the driver of the vehicle, Tina Catlin, later testified they understood the officer's words to mean if appellant did not comply with the officer's demand the cell phone be provided, the vehicle occupants would be arrested and taken to jail.
 {¶ 5} Officer Lewis did not advise appellant he did not have to turn the phone over, nor did he read appellant his Miranda rights. Appellant handed the phone to the officer, who then told appellant he would hit the send button to view the last number called. At the same time as the button was depressed, appellant stated he wanted his phone back. Officer Lewis had already redialed the phone and viewed the phone's call history indicating a call was made to Mitchell's residence about five to six minutes prior.
 {¶ 6} The State charged appellant with one count of felony telephone harassment, in violation of R.C. 2917.21. Appellant entered a plea of not guilty to the offense, and on May 28, 2004 filed a motion to suppress. On July 9, 2004, the trial court held an oral hearing on the motion to suppress. The trial court denied the motion to suppress via Judgment Entry on July 23, 2004. The trial court's entry directed the State to prepare appropriate findings of fact and conclusions of law, which the trial court adopted via Judgment Entry on September 2, 2004.
 {¶ 7} On August 26, 2004, appellant moved the trial court to withdraw his prior plea and to enter a plea of no contest to the offense contained in the indictment. The trial court accepted appellant's plea of no contest and entered a guilty verdict. The trial court sentenced appellant to an eleven month prison sentence.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. The trial court committed harmful error in denying the defendant-appellant's motion to suppress evidence when it determined that the initial seizure of the defendant-appellant fit within the limits placed upon police behavior by the ohio and united states constitutions."
 I {¶ 10} Appellant's sole assignment of error argues the trial court erred in denying his motion to suppress and finding the seizure of appellant's cell phone lawful. Appellant maintains Officer Lewis' intrusion amounts to a violation of appellant's constitutional right to be free from unreasonable searches and seizures.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger(1993), 86 Ohio App.3d 592. Secondly, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor(1993), 85 Ohio App.3d 623, 627; and State v. Guysinger(1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 12} Appellant asserts the trial court's September 2, 2004 Findings of Fact and Conclusions of Law are against the manifest weight of the evidence. He further maintains the trial court incorrectly decided the ultimate issue raised in the motion to suppress i.e. the State's failure to prove by clear and convincing evidence he knowingly and voluntarily consented to the search.
 {¶ 13} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Furthermore, we presume, unless the record proves otherwise, the trial court applied correct legal standards and weighed appropriate factors.
 {¶ 14} In support of his arguments on appeal, appellant cites this Court's prior opinion in State v. Limbach (July 29, 2002), Stark App. No. 2001CA00396, and identifies factors to be considered in weighing the nature of the consent given for a warrantless search:
 {¶ 15} "Rather, in addressing the issue of voluntariness, the trial court should consider the following six factors: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. State v.Hall (Dec. 14, 2000), Tuscarawas App. Nos. 2000AP030025, 2000AP030026, citing State v. Webb (Jan. 28, 2000), Montgomery App. No. 17676."
 {¶ 16} Initially we note, appellant does not challenge on appeal the validity of the stop. Rather, appellant bases his argument on the involuntariness of his consent to the search. Appellant argues the testimony presented during the July 9, 2004 hearing on appellant's motion to suppress clearly indicates appellant and the other occupants of the vehicle understood the officer's statements to mean if appellant did not comply with handing over his cell phone, they would all be taken to jail. Appellant maintains he surrendered his phone only after the officer threatened to arrest the occupants of the vehicle.
 {¶ 17} At the July 9, 2004 hearing on the motion to suppress, appellant testified:
 {¶ 18} "Q. Mr. Luckeydoo, in the early afternoon hours of April 10th, do you — did you give the officer your phone willingly?
 {¶ 19} "A. No, sir — no, ma'am.
 {¶ 20} "Q. Why did you give him your cell phone?
 {¶ 21} "A. Because he threatened my cousin to take her to jail because she was impeding his investigation.
 {¶ 22} "THE COURT: I'm sorry, I couldn't hear the answer.
 {¶ 23} "THE WITNESS: No, I gave it to him only after he threatened my cousin, Tina Catlin, that he was going to take her to jail for impeding his investigation." Tr. at 21-22.
 {¶ 24} Tina Catlin testified:
 {¶ 25} "Q. What do you remember your understanding — what was your understanding of what the officer said to Mr. Luckeydoo?
 {¶ 26} "A. He told me that if Johnny had made a phone call and he didn't — or he didn't turn over his phone, that me and my friend Ken would be going to jail along with him." Tr. at 26-27.
 {¶ 27} The trial court's September 2, 2004 Judgment Entry setting forth the court's findings of fact states:
 {¶ 28} "Shortly after this call was made the Defendant was seen as the passenger in a vehicle being driven in Newark. Officer Lewis pulled the car over. He then asked the Defendant if he had made another call to Ms. Mitchell. The Defendant denied doing this. Officer Lewis asked the other passengers in the vehicle if the Defendant had made a call. They indicated to Lewis that they were not sure. Officer Lewis told them that their answers could not be truthful because they would have known that the Defendant was calling someone since he had been sitting in the same car as them.
 {¶ 29} "Officer Lewis then asked the Defendant if he could see the Defendant's cell phone. The Defendant gave the phone to Officer Lewis voluntarily. Officer Lewis then hit the `send' button and said that there was one way he could find out if the Defendant had made another call. The Defendant then asked for the phone back. However, prior to the Defendant asking for the phone back, Officer Lewis was able to see Ms. Mitchell's phone number on the phone's display.
 {¶ 30} "The Defendant now seeks to have the fact that the victim's number was on the phone suppressed. It should be noted that the Defendant is not arguing that the stop of his person was improper. Nor is the Defendant arguing that any of the other evidence relating to the commission of the crime should be suppressed."
 {¶ 31} The trial court did not make a specific finding of fact with regard to whether the officer threatened to arrest the occupants of the vehicle for obstruction if appellant did not hand over the cell phone or threatened to arrest the occupants for not revealing their awareness appellant had placed another call to Mitchell. The former scenario would support a challenge to the voluntariness of appellant's consent to hand over his cell phone whereas the latter scenario would be insufficient to negate appellant's consent. Appellant never requested additional findings of fact with regard to the same. Therefore, we presume the trial court found the latter scenario factually accurate in reaching its conclusion.
 {¶ 32} We find, the trial court did not err in denying appellant's motion to suppress. The trial court properly found the State was not required to read appellant his Miranda rights at the time in question. Further, a review of the evidence above indicates the officer asked appellant to see his phone, to which appellant consented. Appellant later asked for the phone back, thereby demonstrating his understanding he was free to do so. Based on the totality of the circumstances, we conclude, as did the trial court, appellant voluntarily consented to the search of his phone.
 {¶ 33} Appellant's conviction in the Licking County Court of Common Pleas is affirmed.
Hoffman, J., Hoggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.